UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ETHAN PARKER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-271 (VLB) |
| STEPHEN STONE, ET AL., | : | |
|     Defendant. | : | February 5, 2008 |

### MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANT VAN NUYS'S MOTION TO DISMISS [DOC. #13], MOTION TO TRANSFER [Doc. #14], AND MOTION TO SEVER [DOC. #19]

The plaintiff, Ethan Parker, individually, as the administrator of the estate of King Lawrence Parker, as trustee of the King Lawrence Parker Irrevocable Trust, and as guardian of Trinity Essence Flagg Parker, brought this action against the defendants, Stephen Stone, the Insurance Company of the State of Pennsylvania ("ICSP"), and Peter Van Nuys, alleging improper conservation, management and execution of the estates of King Lawrence Parker ("Larry Parker") and Alice Flagg Parker ("Alice Parker"). Counts one through three of the complaint allege Stone breached his duties, acted with willful and wanton conduct, and violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a <u>et seq.</u>, as conservator of Larry Parker's estate. Count four is a claim to collect on a probate bond issued by ICSP, insuring the completion of Stone's duties regarding Larry Parker's estate. Counts five through seven of the complaint allege Stone and Van Nuys breached their duties, acted with willful and wanton

1

conduct, and violated CUTPA, as co-trustees of the Alice Flagg Parker Trust ("AFP Trust") and as co-executors of Alice Parker's estate.

Currently pending before the court are Van Nuys's motions 1) to dismiss claims against Van Nuys for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) or for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a) [Doc. #13], 2) to transfer this action to a district court in either New York or New Jersey pursuant to 28 U.S.C. § 1404(a) [Doc. #14], and 3) to sever counts one through four of the complaint from counts five through seven of the complaint pursuant to Rule 21. [Doc. #19] For the reasons hereinafter set forth, the motions are DENIED.

## I. Facts

Larry and Alice Parker, a married couple, were residents of Lakeville, Connecticut, until their respective deaths. Van Nuys, an attorney licensed to practice law in New York but not in Connecticut, was the Parker's attorney from the early 1980s until their respective deaths. Van Nuys provided the Parkers with various legal services throughout the 1980s and 1990s, most notably estate planning and the creation of irrevocable trusts in their names. Van Nuys traveled to Connecticut to hold business meetings with the Parkers.

On May 22, 1999, Van Nuys traveled to Connecticut to hold a meeting with Alice Parker. At that meeting, Van Nuys finalized an amendment to the AFP Trust, of which Van Nuys and Stone were named co-trustees, and presented Alice Parker with a new, and ultimately final, will.

2

On October 18, 1999, the Connecticut probate court for the district of Salisbury appointed Stone and Alice Parker co-conservators of the estate and person of Larry Parker. Van Nuys continued in his role as legal counsel for the Parkers and drafted the necessary documents for the probate court to name Stone and Alice Parker co-conservators. Alice Parker died on March 4, 2000. Upon Alice Parker's death, Van Nuys and Stone were named co-executors of Alice Parker's estate. Larry Parker died on June 2, 2006. From March 4, 2000, until June 2, 2006, Stone continued as sole conservator of Larry Parker's estate. The Connecticut probate court named Ethan Parker administrator of Larry Parker's estate on Jun 22, 2006.

Ethan Parker's allegations against Stone and Van Nuys focus on their conservation, management and execution of the estates of Larry Parker and Alice Parker. In particular, he alleges that at various times assets of the estates were fraudulently directed towards Global American Technology Corp. ("GATCO"), of which Stone was president and CEO, and Parker acted as primary outside legal counsel. Ethan Parker alleges the illegal transfers from the two estates were made during the same time period, in the same manner and in violation of the same duties and statutes. Additionally, Ethan Parker alleges Van Nuys and Stone deliberately ignored specific instructions outlined in the AFP Trust documents and Alice Parker's will, as entered into force and overseen by the probate court, in their execution of her estate.

In relation to the probate proceedings of Alice Parker's estate, Van Nuys

filed several documents with the probate court and made several in person appearances before that court. Ethan Parker alleges the only assets remaining in Alice Parker's estate are the contents of a locked safe deposit box in Connecticut. Van Nuys has refused to release the contents of the safe deposit box to Ethan Parker, Alice Parker's sole heir. Van Nuys has represented to the probate court he is entitled to unpaid fees for his services as co-trustee of the AFP Trust, and petitioned the probate court to hold the contents of the safe deposit box as collateral for payment of those fees.

Van Nuys has also been intimately involved in probate court proceedings concerning Larry Parker's estate. He acted as counsel for both Alice Parker, until her death, and Stone, regarding the creation, conservation and administration of Larry Parker's estate. Throughout the proceedings, Van Nuys represented to the probate court and all parties involved that he was counsel for Larry Parker, Alice Parker, Stone, GATCO and Monide, Inc., the company founded and controlled by Larry Parker, whose interest in Monide represented significant assets of the Parker's estates.

## II. Discussion

### A. Personal Jurisdiction

Rule 12(b)(2) allows a case to be dismissed if the court lacks jurisdiction over a party. Fed. R. Civ. P. 12(b)(2). Prior to discovery, a plaintiff may defeat a motion to dismiss by making a prima facie case of personal jurisdiction based on legally sufficient allegations of jurisdiction. See Ball v. Metallurgie Hoboken-

Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). In ruling on a 12(b)(2) motion, the court accepts allegations in the complaint as true and resolves all factual disputes in the plaintiff's favor. Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006).

In a diversity case, the court conducts a two part inquiry. The court determines first whether the forum state's long-arm statute authorizes the exercise of personal jurisdiction on the defendant; and second whether the court's assertion of jurisdiction under the long-arm statute comports with the requirements of constitutional due process. Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996). The Connecticut long-arm statute confers jurisdiction over a person who "transacts any business within the state." Conn. Gen. Stat. § 52-59b(a)(1). Due process necessitates only "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The court should determine whether the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (U.S. 1985).

The court finds the Connecticut long-arm statute applies to Van Nuys. He purposefully sought employment within Connecticut by contracting to both create and become co-trustee of the AFP Trust, at the request of Alice Parker, a Connecticut resident. Van Nuys traveled to Connecticut to finalize an amendment

5

to the AFP Trust that specifically named him co-trustee. Upon Alice Parker's death, Van Nuys continued his duties, for which he was compensated, as the estate was probated in Connecticut. He was an active participant in the probate proceedings, including making probate court appearances and filing documents with the court. Additionally, he initiated a dispute in Connecticut probate court over the disposition of assets within the state, most notably the contents of Alice Parker's safe deposit box in a Connecticut bank. Finally, Van Nuys was an active and willing participant in the circumstances regarding Larry Parker's estate. Larry Parker's estate and the attendant probate court proceedings are intrinsically linked to the estate of Alice Parker and the allegations against Van Nuys.

Based on the same set of facts, the court also finds that due process is not offended by the exercise of jurisdiction over Van Nuys. It was foreseeable that Van Nuys could be sued in Connecticut regarding the ongoing disputes over Alice Parker's estate. Van Nuys went so far as to interject himself in probate proceedings in Connecticut regarding both Parker estates, and even initiated probate court proceedings seeking unpaid fees and control over assets in Connecticut.

Van Nuys conducted business in Connecticut and purposefully availed himself of the benefits and protections of Connecticut law. Therefore, the Rule 12(b)(2) motion to dismiss is DENIED and the court will exercise jurisdiction over Van Nuys.

B. Venue

Van Nuys moves to dismiss the claims asserted against him for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss [the case]." 28 U.S.C. § 1406(a).

In diversity cases, proper venue is defined by 28 U.S.C.§ 1391(a). That statute provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C.§ 1391(a). Connecticut is the proper venue.

Venue in Connecticut rests on the second or third prong of that test. As stated above, the estate of Larry Parker began its intricate dealings with the Connecticut Probate Courts in 1999. Stone and Van Nuys involvement with the estate of Alice Parker also began in 1999. Alice Parker's estate has been in probate in Connecticut since 2000. A substantial part of the allegations in the complaint involve the management and disposition of the estates' assets after they entered probate in Connecticut. There have been significant probate court proceedings regarding both estates and a substantial number of the allegations involve Van Nuys's conduct during those proceedings, as a result of those

7

proceedings, or in defiance of the results of those proceedings. Venue is proper under section 1391(a), as a substantial part of the events giving rise to the claims in the complaint as a whole, and against Van Nuys specifically, took place in Connecticut. The motion to dismiss under Rule 12(b)(3) for improper venue is DENIED.

Van Nuys separately moves to transfer venue to either New York or New Jersey pursuant to 28 U.S.C. § 1404(a). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer venue, if the chosen venue is deemed appropriate under section 1406(a), is within the discretion of the court. The factors a district court should consider in evaluating a motion to transfer include "convenience of the parties and witnesses, availability of process to compel unwilling witnesses to testify, location of the relevant documents, locus of the operative facts, relative means of the parties, the forum's familiarity with governing law, plaintiff's choice of forum, and the interests of justice." A Slice of Pie Prods. v. Wayans Bros. Entm't, 392 F. Supp. 2d 297, 305 (D. Conn. 2005).

The plaintiff's choice of forum is Connecticut. As the execution of both estates continues, and continues to be contested, in Connecticut through probate proceedings, there is a significant locus of operative facts in this venue and the parties have convenient access to large portions of relevant documents already on file. Van Nuys has not asserted any difficulty in compelling any

8

witness participation in Connecticut.  That the AFP Trust is governed by New York law is not prohibitive, as district courts are well versed in applying the laws of other forums in diversity cases.  Notably, neither Stone nor ICSP, both non-residents of Connecticut, join Van Nuys in this motion, and ICSP, a Pennsylvania corporation, directly objected to a transfer of venue.

After reviewing the factors relevant to the decision whether to transfer this case to either New York or New Jersey, the motion to transfer venue is DENIED in the interest of justice.

### C.  Sever

Finally, Van Nuys moves to sever counts one through four, that involve the estate of Larry Parker and do not include claims against Van Nuys, from counts five through seven, that deal with the estate of Alice Parker and do name Van Nuys as a defendant, pursuant to Rule 21.  That rule states that "[t]he court may . . . sever any claim against a party."  Fed. R. Civ. P. 21.

The decision whether to sever claims pursuant to Rule 21 is within the discretion of the court.  "The Court will consider the following factors in making such a decision: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claim."  Cox v. Bland, 2002 U.S. Dist. LEXIS 7309 at *16 (D. Conn. 2002).

9

The allegations concerning the maintenance of and disposition of assets from the estates of Larry Parker and Alice Parker are near mirror images.  The allegations involve common actors, common means of transfer of the funds and common recipients, and are contemporaneous.  Additionally, counts one through three are brought under the same legal theories, seek similar remedies, and require almost identical applications of law, as counts five through seven.  It would be wholly inefficient to the court, the parties and potential witnesses to sever the claims in this case.  As such, Van Nuys motion to sever is DENIED.

### III.  Conclusion

Van Nuys motions to dismiss, transfer or sever this case must all be denied.  He has been an active and willing participant in the circumstances surrounding all the allegations in the complaint that took place in Connecticut.  Van Nuys transacted business withing the state as attorney for the Parkers and Stone, and interjected himself into the ongoing probate proceedings of Larry Parker and Alice Parker's estates.  It certainly should have been foreseeable that Van Nuys could have been sued in Connecticut regarding those estates.  Further, Ethan Parker's claims involving Larry Parker and Alice Parker's estates are nearly identical, and it would be inefficient and unjust to sever the complaint.

**IT IS SO ORDERED.**

_____/s/_____

**Vanessa L. Bryant**

**United States District Judge**

**Dated at Hartford, Connecticut: February 5, 2008.**