UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ETHAN F. PARKER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-00271 (VLB) |
| STEPHEN A. STONE, ET AL., | : | |
|     Defendants. | : | April 21, 2009 |

### MEMORANDUM OF DECISION GRANTING PLAINTIFF'S MOTION TO COMPEL
### [Doc. #119]

Pending before the Court is the plaintiff's motion to compel compliance with the subpoena duces tecum served upon the non-party Stuyvesant Bearns. The plaintiff, Ethan Parker, as administrator of the estate of King Lawrence Parker, brought this action against the estate's former conservator, Stephen Stone. Bearns has asserted attorney client and work product privilege with respect to the documents at issue. For the reasons given below, the plaintiff's motion to compel [Doc. #119] is GRANTED in part.[1]

### FACTS

Stone is the former trustee of the conservatorship and trust of which the plaintiff was the beneficiary. In 1999, Stone retained Bearns, a lawyer specializing in trusts and estates law, as counsel for the trust. In January 2002, the Salisbury Probate Court ordered Stone to show cause why he should not be removed as

---

[1] At a hearing on December 5, 2008, the parties agreed that this dispute is now limited to documents not produced by Bearns at his August 27, 2008 deposition because of assertions of attorney client privilege and work product immunity.

1

trustee. In February 2002, Stone retained another lawyer from Bearns law firm, Douglas Wyld, to represent Stone in the show cause proceedings. Wyld represented Stone for about five months. After the proceedings, Stone remained trustee and Bearns remained counsel to the trust until the Fall of 2006. On May 6, 2008 and May 8, 2008, Bearns and Wyld were served with subpoenas duces tecum by counsel for the defendant/ cross-claimant Insurance Company of the State of Pennsylvania ("ICSP"). The subpoenas required the production of the entire files relating to the estate of King Lawrence Parker.

Bearns responded to the subpoenas by producing six boxes of documents to ICSP's counsel and asserting that he need not produce the balance of the file on the basis of attorney client privilege or work product immunity. Bearns did not produce a privilege log.

On August 27, 2008, ICSP and the plaintiff deposed Bearns. Plaintiff's counsel proceeded with the deposition but reserved the right to continue the examination following the production of the withheld documents. Plaintiff noticed the continuation of Bearns' deposition for October 3, 2008. On September 17, 2008, Bearns was served with a subpoena duces tecum once again requiring him to bring the file to his deposition. On, September 30, 2008, Bearns objected to the production of the documents on the basis of attorney-client privilege and work product immunity, whereupon the plaintiff filed this motion to compel. On December 5, 2008, the Court held a hearing in contemplation of appointing a special master to conduct an in camera review of the withheld documents. The parties requested legal

guidance from the Court and indicated that they would be able to resolve their dispute without the need for a document by document determination of privilege after a ruling on the legal principles underlying Bearns' objection.

## STANDARD

"As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things. . ." Fed. R. Civ. P. 34(c). "A person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection . . . . At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection." Fed. R. Civ. P. 45(c). "A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must . . . describe the nature of the withheld documents . . . in a manner that. . .will enable the parties to assess the claim." Fed. R. Civ. P. 45(d)(2).

## DISCUSSION

### A. Attorney Client Privilege

The plaintiff argues that as a beneficiary of the conservatorship, he was Bearn's real client in interest and that thus there is no attorney client privilege that would shield Bearns' communications with Stone. Bearns argues that this "fiduciary" exception to traditional attorney client privilege does not apply to his representation of the trust. Evidentiary privileges regarding witnesses are to be "governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed. R. Evid. 501.

Attorney-client privilege has been recognized as "the oldest of the privileges for confidential communications known to the common law." Upjohn Co. v. United States, 449 U.S. 383, 393 (1981) citing 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961). The burden of proving each of the essential elements of attorney client privilege falls on the proponent of the privilege. Harp v. King, 266 Conn. 747 (2003); In re Horowitz, 482. F.2d 72, 82 (2d Cir. 1973). The elements of attorney client privilege are that there was "(1) a communication between client and counsel which (2) was intended to be an was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996), citing Fisher v. United States, 425 U.S. 391, 403, 96 S.Ct. 1569 (1976); see also Veritas-Scalable Investment Prods. Fund, LLC v. FB Foods, Inc., No. 3:04cv1199, 2006 U.S. Dist. LEXIS 25313 (D. Conn. Apr. 25, 2006). The purpose of the privilege is to "encourage full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." Upjohn Co. v. United States, 449 U.S. at 393. Accordingly, communications between attorneys and their clients are typically privileged from discovery unless an exception exists.

In In re Long Island Lighting Company, the Second Circuit called the fiduciary exception to attorney-client privilege "well settled," and explained that when an attorney gives advice to a client who is acting as a fiduciary for third-party beneficiaries, that attorney owes the beneficiaries a duty of full disclosure. Applying that rule to the ERISA context, the court held that an employer did not have to

disclose communications with its attorneys on non-fiduciary matters to retirement plan beneficiaries. 129 F.3d 268 (2d Cir. 1997). The court found that had the requested documents pertained to fiduciary matters, they would have fallen under the common law fiduciary exception. Id. See also Helt v. Metropolitan District Commission, 113 F.R.D. 7 (D. Conn. 1986); Hutchinson v. Farm Family Casualty Co., 273 Conn. 33 (2005) (finding privilege absent fiduciary relationship); Hudson v. General Dynamics, 73 F. Supp. 2d 201 (D. Conn. 1999) (applying fiduciary exception analysis in ERISA context). As the requested documents in Long Island Lighting did not relate to fiduciary matters they were undiscoverable, and mandamus on the denial of a motion to compel was denied. Id. The Court noted that the beneficiary employees could be considered clients of counsel they did not personally retain, by virtue of the fiduciary's obligation to them. Id. at 273. However, the client status of the beneficiaries becomes "limited to matters within the scope of the fiduciary duty." Id. This limitation is to prevent discovery of communications between the attorney and client on unrelated issues.

The interests of the trustee and the beneficiary are not always identical. When an attorney represents a trustee of an estate there is often confusion as to who is the true client of the attorney, and who would thus enjoy the privilege. Trustees often hire attorneys to "do legal work that is directly related to the administration of the trust and that is intended to serve the best interests of the trust beneficiaries." Restatement (Third) of Trusts § 82, Reporter's Notes, Comment *f* (2005), quoting R. Roth, Understanding the Attorney-Client and Trustee-Beneficiary Relationships in

**the Kamehameha Schools Bishop Estate Litigation: A Reply to Professor McCall**, 21 U. OF HAWAI'I L. REV. 511 (1999). In that circumstance the attorney is *"said to represent trustees in the[ir] representative or fiduciary capacity."* Id. In Connecticut, "[a]n independent duty to a non-client would exist if the primary or direct purpose of the attorney-client relationship were to benefit the non-client." Prescott Investors Inc. v. Blum, 762 F.Supp. 1553, 1557 (D. Conn. 1991)  "This situation arises where the lawyer's client is a fiduciary and where the non-client is the beneficiary and does not, therefore, stand at arm's length from the client." Id. at 1556. In such cases, the attorney would stand, for the trustee, in a fiduciary relationship with the beneficiary. Normally, a trustee has no confidentiality from beneficiaries in the administration of a trust. A trustee has a duty to promptly respond "to the request of any beneficiary for information concerning the trust and its administration, and to permit beneficiaries on a reasonable basis to inspect trust documents, records, and property holdings." Restatement (Third) of Trusts § 82 (2) (2005). However, Bearns argues that in this case, the adversarial relationship between the trustee and beneficiary altered the fiduciary relationship.

Many courts have recognized that trustees of estates are not protected by the attorney client privilege in their trustee capacity, though the Court is not aware of, and the parties did not cite, any Connecticut precedent. Connecticut decisions on trusts have historically followed the common law,[2] and the Court thus looks to other

---

[2] **See, e.g., Robbins v. Wolcott**, 27 Conn. 234 (1858) (examining common law precedents to determine whether to allow attorney's fees for executor to be paid from estate).

**6**

jurisdictions' application of the fiduciary exception to the trusts and estates context. See, e.g., Matter of Estate of Baker, 528 N.Y.S. 2d 470 (Sur. 1988) (holding attorney client privilege was unavailable to the fiduciaries of an estate as both fiduciary and beneficiaries were clients of the attorney); Riggs National Bank of Washington, D.C. v. Zimmer, 355 A.2d 709 (Del. Ch.1976) (holding estate beneficiaries are entitled to know what legal advice had been given on their behalf). Here, both parties cited a recent decision of the Third Circuit Court of Appeals explaining the history of the fiduciary exception.

> Under English common law, when a trustee obtained legal advice relating to his administration of the trust, and not in anticipation of adversarial legal proceedings against him, the beneficiaries of the trust had the right to the production of that advice. The theory of the rule was that the trustee obtained the advice using both the authority and the funds of the trust, and that the benefit of advice regarding the administration of the trust ran to the beneficiaries.

Wachtel v. Health Net, Inc., 482 F.3d 225 (3d Cir. 2007). In Wachtel, the Third Circuit held that the fiduciary exception was not applicable when a health insurer, as a contractual service provider, sought legal representation in carrying out its duties under ERISA. The court looked to (1) beneficial ownership of the assets; (2) the interest in profits; and (3) the source of payment of counsel to determine the real client of the attorney. Id. at 234, 236.

In relation to ownership of the assets, the Third Circuit found that when the fiduciary exception has been applied it was because the "fiduciary was managing assets over which it lacked ownership rights," such as a trustee managing a trust. Id. In the instant case, Stone did not hold legal title to the trust assets. Therefore, he

had no ownership right to the assets he managed or a share in the profits. Additionally, the <u>Wachtel</u> court found that the health insurer paid for its legal representation using its own funds, not those belonging to the beneficiaries, indicating that the insurer was the real client. Here, there is nothing in the record to indicate whether Stone paid for counsel using personal or trust funds. However, Bearns stated at his deposition that he represented Stone in his capacity as conservator and not in an individual capacity, suggesting that Bearns was paid out of trust assets. However, even if Bearns were paid out of trust assets, such fact would not be dispositive of the nature of his services, as trustees in Connecticut are entitled to have their attorney's fees paid out of trust funds not only when advice is given for the benefit of the trust, but also where the trustee's conduct is challenged and the trustee has a reasonable good faith defense to the challenge. <u>See, e.g.</u>, <u>Ackerman v. Sobol</u>, CV74027616S, 2007 WL 4305667 at *6-7 (Conn. Sup. Nov. 19, 2007). The evidence before the Court is insufficient to conclude that this was the case with Bearns' representation of Stone.

To determine if the proponent of the privilege has proved the necessary factual basis for the claim, courts generally look at a "showing based on affidavits or equivalent statements that address each document at issue." <u>Bowne of New York City v. AmBase Corporation</u>, 150 F.R.D. 465, 474 (S.D.N.Y. 1993). Alternatively, the court may chose to rely on adequate privilege logs that identify each document and the parties to the communications, and include sufficient detail to determine whether the document is subject to privilege. <u>Id.</u> If the proponent of the privilege does not

provide sufficient detail to sustain the claim, then privilege will be denied. Id. "[T]he burden of establishing immunity from discovery rests with the party asserting the privilege. That burden is discharged by the presentation of evidence in the form of testimony or affidavit concerning the document's content and use." Babcock v. Bridgeport Hosp., 251 Conn. 790, 847 (1999). Bearns provided no such evidence in support of his privilege claims.

Here, Stone retained Bearns to represent him as trustee of the Estate of King Lawrence Parker and the Alice Flagg Parker Trust. Bearns testified at his deposition that he never considered Stone to be his individual client. Any documentation related to the administration of the estate or trust falls within the fiduciary exception and is not entitled to protection under attorney client privilege. However, any document that was prepared in connection or anticipation of the current litigation or the adversarial show cause proceedings in probate court is exempted from this disclosure. Thus, Bearns should disclose to the plaintiffs all documents falling within these constrictions. Any documents for which Bearns maintains privilege should be properly detailed in a privilege log.

## B. Work Product Immunity

The defendant argues that if the documents fall under the fiduciary exception, they are still not subject to disclosure based upon the doctrine of work product immunity. The work product immunity doctrine recognizes that the "protective cloak of [the attorney-client privilege] does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation."

Hickman v. Taylor, 329 U.S 495, 508 (1947). Work product immunity protects "memoranda, briefs, communications and other writings prepared by counsel for his own use in prosecuting his client's case and "writings which reflect an attorney's mental impressions, conclusions, opinions or legal theories." Id. Without a showing of necessity, an attorney's documents created in anticipation of litigation fall under work product immunity and are not subject to disclosure. Id. This necessity has been defined as a "showing of substantial need and the inability to obtain the substantial equivalent without undue hardship." Lagace v. New England Central Railroad, No. 3:06CV1317 (RNC), 2007 U.S. Dist. LEXIS 72540, at *4 (D. Conn. Sept. 28, 2007). There has been no such argument here.

There is a three-prong standard for federal work product immunity. "The material must (1) be a document or a tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for his representatives." Id. quoting Sicurelli v. Jeneric/Pentron Inc., No. 03-CV-4934 (SLT)(KAM), 2006 U.S. Dist. LEXIS 29813, *5 (E.D.N.Y. May 16, 2006). Furthermore, the "burden of establishing" the elements of work product immunity is on the "party invoking the privilege." Id. "The party asserting the privilege must show 'a real, rather than speculative, concern' that counsel's thought processes 'in relation to pending or anticipated litigation' will be exposed through disclosure of the compiled documents. This burden of objective proof cannot be met through conclusory ex parte affidavits." In re Grand Jury Subpoenas, 318 F.3d 379 (2d Cir. 2003). There is no evidence on the record from which the Court can determine when litigation was

anticipated, but it seems that litigation was by no means anticipated from the commencement of Bearn's representation of the trust in 1999. While it does seem likely that litigation was anticipated at some point before the show cause proceeding in probate court in January 2002, that determination is necessarily fact-specific and that information is likely contained in the very documents withheld. The burden of proof falls on Stone; and therefore, any documents that are not proven subject to work product immunity must be disclosed. The starting point for any such proof would be a proper privilege log, however, the parties indicated that they felt that they could resolve this issue after the Court's analysis of the relevant legal guidelines without the production of a privilege log or the appointment of a special master to review each document withheld. If the parties cannot come to an agreement regarding the extent of privilege in this action, the Court will appoint Philip Walker to conduct the in camera review.

## Conclusion

The plaintiff's motion to compel [Doc. #119] is GRANTED.

IT IS SO ORDERED.

/s/

Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  April 21, 2009.